WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mischelle K. Henry; Eljay Scott,<br><br>        Plaintiffs,<br><br>vs.<br><br>Arizona Trust Deed Corporation, Mortgage Electronic Registration Services, Wells Fargo Bank N.A. ; All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiffs' Title, Or Any Cloud On Plaintiffs' Title Thereto; and Does 1-20, Inclusive,<br><br>        Defendants. | No. CV 12-01055-PHX-JAT<br><br>**ORDER** |

Pending before the Court are (1) Defendants Wells Fargo Bank, N.A.'s and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' Complaint (Doc. 8) and (2) Motion for Summary Disposition (Doc 9.). Plaintiffs have not filed a response to either Motion. The Court now rules on the Motions.

**I.     Factual and Procedural Background**

Plaintiff Mischelle K. Henry signed a Deed of Trust on March 28, 2005 (Doc. 8, Exhibit A). The Deed of Trust secured a loan in the amount of $132,300.00 for real property located at 5044 West Chicago Circle South, Chandler, Arizona 85226 (the "Property"). (Doc. 8, Exhibit A). The Deed of Trust identifies Plaintiff Henry as the "Borrower" (Doc. 8,

Exhibit A at ¶A) and identifies Deines McCutcheon Mortgage, Inc as the "Lender." (*Id.* at ¶C). The Deed of Trust also names Defendant Arizona Trust Deed Corporation as "Trustee" (*Id.* at ¶ D) and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as "a nominee for Lender and Lender's successors and assigns" and as "the beneficiary under this Security Instrument." (*Id.* at ¶ E).

Within the Deed of Trust, there is a paragraph stating that the note or partial interest in the note "can be sold one or more times without prior notice to the Borrower." (Doc. 8, Exhibit A at ¶ 20). The Deed of Trust, within the same provision, further states that "the mortgage loan servicing obligations of the Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer . . . ." (*Id.*). On August 10, 2011, MERS assigned "all its right, title, and beneficial interest" under the Deed of Trust to Defendant Wells Fargo Bank, N.A. (Doc 8., Exhibit B).  Plaintiffs filed a complaint against Defendants alleging a claim for quiet title to the Property.  Defendants now move to dismiss the complaint for failure to state a claim upon which relief can be granted..

**II.     Legal Standard**

To survive a motion to dismiss, a complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The complaint must contain allegations that nudge the claims contained therein "across the line from conceivable to plausible." *Id.* at 680 (quoting *Twombly*, 550 U.S at 556).

A complaint must meet the pleading standard of Rule 8 which demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Further, "where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged-but it has not shown that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

**III.    Analysis**

In their Complaint, Plaintiffs solely seek quiet title to the Property. Plaintiffs allege that they are entitled to quiet title because a split of the note and the Deed of Trust occurred and rendered the Deed of Trust a "nullity." (Doc. 1-1). The Plaintiffs argue that this "nullity" should result in the striking of the Deed of Trust from the chain of title and the Court should grant quiet title to the Plaintiffs, enjoining and barring the Defendants from asserting any claim against the property.

Defendants argue that Plaintiffs' complaint should be dismissed because (1) Plaintiffs have failed to state a claim upon which relief can be granted, specifically that Plaintiff Henry has not alleged in the complaint that she paid off her loan or tendered the balance due on her loan, (2) Plaintiffs provide no legal basis for relief other than arguments that the Court has repeatedly rejected, and (3) Plaintiff Scott has no standing to bring the claim.

Plaintiffs have not successfully alleged that they are entitled to "Quiet Title" to the Property. This Court has previously stated that "Quiet [T]itle is not a remedy available to a trustor under an Arizona Trust Deed until the debt is paid or tendered." *Eason v. IndyMac Bank, FSB*, CV 09-1423-PHX-JAT, 2010 WL 4573270, at *3 (D. Ariz. Nov. 5, 2010), *aff'd sub nom.*, *Eason v. Indymac Fed. Bank FSB*, 10-17710, 2012 WL 4358626, at *1 (9th Cir. Sept. 25, 2012). In this case, Plaintiffs have not alleged that they paid the loan amount, and have not alleged or made any argument that they can currently pay the balance on the loan.

Plaintiffs further allege that MERS has no interest in the note, Deed of Trust, or the Property. (Doc. 1-1). This allegation however, is not grounded in any alleged fact and is disproved by the Deed of Trust itself. The Deed of Trust states, and Plaintiffs admit, that MERS is the beneficiary of the Deed of Trust. (Doc. 1-1, ¶3; Doc. 8, Exhibit A, ¶E). A "beneficiary" is the "person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest." Ariz. Rev. Stat. Ann. § 33-801. Furthermore, the Ninth Circuit Court of Appeals and this Court have held that under a Deed of Trust, such as the one in question, MERS can be a legitimate beneficiary. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011).

Additionally, Plaintiffs allege that the Deed of Trust was split from the note. However, the Ninth Circuit Court of Appeals recognized in *Cervantes* that "notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders, are not agents of the lenders." *Cervantes*, 656 F.3d at 1044. This court has continuously rejected the argument that "as Lenders nominee, MERS cannot act as lender's agent." *See*, *e.g., In re Mortgage Elec. Registration Sys. (MERS) Litig.*, MDL 09-2119-PHX-JAT, 2012 WL 1912133, at *3 (D. Ariz. May 25, 2012) (quoting *Bean v. BAC Home Loans Servicing, L.P.*, No CV 11-553-PHX-GMS, 2012 WL 171435, at *1 -2 (D. Ariz. Jan. 20, 2012)) (citation omitted).

Plaintiffs have not paid the balance of the loan securing the Deed of Trust, nor alleged their willingness to do so, and their claims depend on legal theories that this Court has repeatedly rejected. Therefore, Plaintiffs have failed to allege a claim for quiet title upon which relief can be granted. Because the claim will be dismissed on the merits, the Court need not address whether Plaintiff Scott has standing to bring a quiet title claim in this case.

**IV.     Leave to Amend**

Under previous Ninth Circuit Court of Appeals precedent, the court would *sua sponte* grant leave to amend when granting a motion to dismiss, unless a pleading could not be cured by the allegation of other facts. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). However, this precedent has been called into question by the Court of Appeals, in light of the recent changes to the Federal Rule of Civil Procedure 15, which now allows parties twenty-one days from responsive pleadings and motions to dismiss to amend as of right. *See id.* Further, when a plaintiff requests leave to amend, the Court must consider the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).  In this case, granting leave to amend the complaint would be futile.  Not only have the Plaintiffs asserted arguments the Court has rejected repeatedly, making it apparent Plaintiffs could not state a plausible claim upon

which relief could be granted, but Plaintiffs have also failed to respond to Defendants' Motion to Dismiss or Defendants' Motion for Summary Disposition.

### V. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 8) is granted.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Disposition (Doc. 9) is denied as moot.

DATED this 2nd day of November, 2012.

_____
James A. Teilborg
United States District Judge